| Case No. | CV 19-4707 FMO (JEMx) | Date | June 12, 2019 |
|---|---|---|---|
| Title | Paul Camilang v. Avcorp Composite Fabrication, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On May 30, 2019, plaintiff Paul Camilang ("plaintiff") filed a Complaint, (Dkt. 1), in this court against defendant Avcorp Composite Fabrication, Inc. ("defendant"). Federal subject matter jurisdiction is premised solely on diversity of the parties. (See Dkt. 1, Complaint at ¶ 1). The Complaint alleges defendant "is a Delaware Corporation that is legally permitted to conduct business and does conduct business" in California. (See id. at ¶ 4). The Complaint alleges that plaintiff "is a resident of the State of California in the County of Los Angeles." (See id. at ¶ 3). Plaintiff bases defendant's citizenship solely on defendant's state of incorporation. (See id. at ¶ 4). The court's investigation reveals defendant's possible principal place of business to be in California, thus destroying diversity between the parties.

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

Title 28 U.S.C. § 1332(c)(1) mandates that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" "The jurisdictional rule governing here is unambiguous and it is not amenable to judicial enlargement." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94, 126 S.Ct. 606, 616 (2005). While defendant is incorporated in Delaware, the Complaint's jurisdictional allegations are inadequate because plaintiff fails to set forth "the State or foreign state where it has its principal place of business[.]" § 1332(c)(1).

Accordingly, based on the foregoing, IT IS ORDERED that:

| Case No. | CV 19-4707 FMO (JEMx) | Date | June 12, 2019 |
|---|---|---|---|
| Title | Paul Camilang v. Avcorp Composite Fabrication, Inc. | | |

    1.  No later than **June 20, 2019**, plaintiff shall file a First Amended Complaint setting forth allegations establishing where defendant has its principal place of business. See 28 U.S.C. § 1332(c)(1).

    2.  Failure to file a First Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of subject matter jurisdiction and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

 

                                                                       00   :   00

                                      Initials of Preparer      vdr